Robert A. Garcia, (SBN 102969)
Attorney at Law
185 West F Street, Suite 100
San Diego, CA. 92101
Phone: (619) 696-7881
Fax No. (619) 696-9562

Attorney for Defendant, Frank David Catania (2)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vrs.<br><br>Frank David Catania (2),<br><br>Defendant.<br>______________________________ | **CASE NO. 07cr3359 JAH**<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR:<br>1. Discovery;<br>2. Brady Material;<br>3. Jencks Material;<br>4. Attorney Voir Dire;<br>5. Leave for Additional Motions;<br><br>**DATE: Jan. 22, 2008**<br>**TIME: 8:30 a.m.**<br>**COURT:**<br>**HON. JOHN A. HOUSTON, U.S. DISTRICT JUDGE** |

## Statement of the Case

The government filed a 2 count Indictment charging defendant, Frank David Catania, with importation of marijuana and possession with intent to distribute marijuana. Co-defendant, Tammy L. White, is also charged.

The government claims that on November 17, 2007, Tammy L. White, drove a vehicle to the Calexico Port of Entry from Mexico. Frank David Catania was a passenger.

Upon inspection of the vehicle, agents found 29 kilograms of

marijuana. Both were arrested and charged as described above.

Defendant, Frank David Catania, hereby makes the following motions:

**DEFENDANT IS ENTITLED TO DISCOVERY**

Rule 16 of the Federal Rules of Criminal Procedure hold that a criminal defendant is entitled to discovery and inspection. Pursuant to said Rule and all its sub-parts defendant requests the following:

1. All written and/or recorded statements made by defendant;

2. Any prior criminal record of defendant including any “prior acts evidence;

3. The right to allow defendant's attorney and/or investigator to **inspect, copy and photograph** any and all personal property seized by the government that the government claims was in defendant’s possession at the time of his arrest—including the marijuana seized, the vehicle occupied by defendant, Frank D. Catania;

4. The summary of any expert witness testimony the government intends to use at trial under Federal Rules of Evidence, 702, 703, or 705;

5. The right to **view or listen to the original and record** any video tapes, photographs, tape recordings, which depict any act alleged in the Indictment. Including all video tapes, photographs, tape recordings, transmission that describe or depict any events as alleged or referred to in the Indictment.

6. All “TECS” records of the vehicle the government claims Defendant was in at the time of time of the alleged offense. Said “TECS” records requested include records for all of 2007.

7. The right to have defense counsel and defendant’s investigator inspect, and photograph, and/or video tape all items seized, including clothing, documents, the vehicle and inspect and weigh the marijuana seized.

8. The name and last known address of each prospective government witness including the confidential informant and or confidential source. United States v Napue 8834 F.2d 1311 (7ty Cir. 1987); United States v Tucker 716 F.2d 583 (9th Cir. 1983), failure to interview government witnesses by counsel is ineffective; United States v Cook 608 F.2d 1175, 1181 (9th Cir. 1979); and 6th Amendment to U.S. Constitution (effective assistance of counsel).

9. The name and last known address of every witness to the crimes charged who will not be called by the government as a witness including the confidential informant. United States v Cadet 727 F.3d 1469 (9th Cir. 1984).

Defendant respectfully requests that the Court make this a continuous order.

II

DEFENDANT REQUESTS ALL MATERIAL PURSUANT TO BRADY

The prosecutor has a duty to disclose all evidence favorable to the defendant which is material either to guilt or punishment". Brady v Maryland, 373 U.S. 83, 87 (1963).

Among the items requested by Defendant are the following:

1. Any witnesses prior criminal record; United States v Strifler, 851 F.2d 1197 (9th Cir. 1988);

2. Existence of witness statements favorable to the defense; Jackson v Wainwright, (5th Cir. 1968);

3. Promises or consideration made the U.S. government to any witness including payments of money, forgiveness or reduction of any debts, taxes, waiver of forfeitures including those made to any confidential informant or confidential source; Giglio v United States, 504 U.S. 150 (1972);

4. That the government be ordered to inspect personnel files of all witnesses for any exculpatory evidence and disclose said evidence to defendant, including evidence that any witnesses have filed inaccurate reports or 404(B) evidence; United States v Henthorn, 931 F.2d 29 (9th Cir. 1991);

5. Any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his testimony, including any tort claims made by victim against the government for defendant's alleged acts. Pennsylvania v Ritchie, 480 U.S. 39 (1987); United States v Strifler, 851 F.2d 1197 (9th Cir. 1988).

6. Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. Rule 608 (b) of Federal Rules of Evidence.

7. Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v Chitty, 760 F.2d 425 (2d Cir.).

8. The right to have access to interview the government agents who will testify at trial and who witnessed the events as outlined in discovery. This opportunity would at a minimum allow defense counsel to comply with the ***6th Amendment*** obligation of providing effective assistance of counsel.

III

DEFENDANT IS ENTITLED TO
JENCKS ACT MATERIAL

Defendant requests all material pursuant to the Jencks Act, 18 U.S.C. section

3500.

IV

DEFENDANT REQUEST ATTORNEY
VOIR DIRE

Rule 24(a) of the Federal Rules of Criminal Procedure states in part "The court may permit the defendant or the defendant's attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination".

This case involves the importation of marijuana into the United States.

This issue, especially in San Diego, is a highly inflammatory one. News reports of drug wars, shootings, and border busts create fodder to prejudice jurors against those are accused of drug trafficking.

Defendant requests that in order to obtain a fair trial 30 minutes of attorney voir dire be permitted. “The bias or prejudice of even a single juror is enough to violate...” defendant’s Sixth Amendment guarantee of a trial by an impartial jury. United States v Gonzalez 214 F.3d 1109, at 1111. (9th Cir. 2000).

30 minutes of attorney voir dire would help insure that Defendant benefits from the right to have effective assistance of trial as mandated by the Sixth Amendment to the United States Constitution.

V

REQUEST TO FILE ADDITIONAL MOTIONS

Defense counsel is still investigating the facts of this case.

Defense counsel may have the need to file additional motions as evidence is uncovered and discovery is provided. This request is consistent with due process principles and the right to effective assistance of counsel as outlined in the U.S. Constitution. Therefore, Defendant requests that leave be granted to file additional motions; including suppression of statements and evidence, and any other motion as discovery and investigation dictate. In addition, defendant re-news all motions filed by previous counsel.

**CONCLUSION**

For all the reasons stated above defendant, Frank David Catania, respectfully requests that these motions for discovery, including access and an opportunity to interview government witnesses, Brady material, Jencks Act material, attorney voir dire, and leave to file additional motions be granted.

Respectfully submitted,

Dated: Jan. 8, 2008

s/s Robert A. Garcia
Attorney for Defendant
Frank David Catania

Certificate of Service

I, Robert A. Garcia, declare that on Jan. 8, 2008, I electronically served the above Points & Authorities (CASE NO. 07cr3359 JAH), on Assistant U.S. Attorney, Paul Cook, on Jan. 8, 2008.

Dated: Jan. 8, 2008

s/s Robert A. Garcia
Robert A. Garcia, Esq.